AO 91 (Rev. 11/11) Criminal Complaint

FILED ENTERED
LOGGED RECEIVED

# UNITED STATES DISTRICT COURT
for the
District of Maryland

APR 08 2013

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| United States of America | ) |
|---|---|
| v. | ) |
| JUAN QUNITERO | ) Case No. 13-705 BPG |
| QUINTERO | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **April 5, 2013** in the county of **Cecil** in the _____ District of **Maryland**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841 | Possess with the intent to distribute 5 kilograms or more of cocaine |

This criminal complaint is based on these facts:
See attached affidavit in support of the complaint

☑ Continued on the attached sheet.

_____
Complainant's signature

Evan McKinney, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 04/08/2013

_____
Judge's signature

City and state: Baltimore, Maryland

Beth P. Gesner, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES COURT FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Evan McKinney, Special Agent with Homeland Security Investigations (HSI), being a duly sworn Federal Officer, do state as follows:

1. This affidavit is submitted in support of a criminal complaint charging **Juan QUINTERO** with conspiracy to distribute and possess with the intent to distribute in excess of 5 kilo grams or more of cocaine, in violation of 21 U.S.C. § 841.

2. Your affiant is currently employed by the U. S. Department of Homeland Security, Homeland Security Investigations (HSI)[1], as a Special Agent and has been so since October 2009. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, U.S.C. § 2510(7) and empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code Section 2516.

3. As part of my employment with HSI, I attended the Criminal Investigator Training Program, which is a twelve week basic program for all Federal criminal investigators held at the Federal Law Enforcement Training Center in Glynco, Georgia. Additionally, I attended Immigration & Customs Enforcement Special Agent Training, which is an additional eleven weeks of training.

4. Your affiant is currently assigned to the Baltimore Seaport and Airport – High Intensity

---

[1] In 2010, Immigration & Customs Enforcement ("ICE") underwent a re-organization. Several investigative components of the Department of Homeland Security were merged into one investigative agency, called Homeland Security Investigations ("HSI").

Drug Trafficking Area (HIDTA) Group, investigating unlawful acts and violations of federal customs law. In the course of my current employment, I have participated in numerous federal and state narcotics investigations relating to drug trafficking, drug smuggling, and money laundering violations. During the course of those investigations, I have been involved in the use of the following investigative techniques: interviewing informants and cooperating witnesses; conducting physical surveillance; conducting short and long-term undercover operations, including reverse undercover drug operations; consensual monitoring and recording of both telephonic and non-telephonic communications; analyzing telephone pen register and caller identification system data; conducting court-authorized electronic surveillance, including wire interceptions; and preparing and executing search warrants that have led to seizures of narcotics, firearms, and other contraband. The information in this affidavit is based on my personal knowledge and information provided to me by other law enforcement officers.

5. On April 5, 2013, Trooper First Class (TFC) Joshua Seiders of the Maryland State Police (MSP), Pro-Active Criminal Enforcement Team (PACE) was on routine patrol on I-95 north bound Cecil County, Maryland. While on routine patrol, TFC Seiders observed a white Saturn Vue, bearing Louisiana registration WQR262. TFC Seiders observed the Saturn make several moving violations including speeding, following too closely and unsafe lane change. TFC Seiders activated his emergency vehicle equipment and effected a stop of the vehicle on I-95 north at mile marker 101.0.

6. TFC Seiders made contact with the driver, subsequently identified via his Florida driver's license as Juan QUINTERO. While speaking to Quintero, TFC Seiders observed numerous indicators of criminal activity. TFC Seiders contacted TFC Hirsch and his drug detection canine partner "Kilo", to the traffic stop. TFC Hirsch arrived on scene and deployed "Kilo" to conduct a free air canine sniff of the Saturn. Moments later, TFC Hirsch advised TFC Seiders that "Kilo" had positively alerted to

the presence of a narcotic on the exterior of the Saturn. Additionally, another trooper who had arrived on the scene, Sgt. Conner, visually inspected the exterior front bumper and noticed that the front bumper was not aligned with the quarter panel.

7. TFC Seiders and Sgt. Conner conducted a warrant-less probable cause search of the Saturn. During the search, TFC Seiders and Sgt. Conner noticed excessive tooling on the bolts that secured the front bumper to the vehicle. A further search of the vehicle's frame rails behind the front bumper revealed two false compartments constructed on both the passenger and driver's side frame rail. At that time, QUINTERO was placed in handcuffs and transported from the shoulder of I-95 to the MSP JFK Highway Maintenance #2 shop.

8. During the search of the vehicle, TFC Seiders and Sgt. Conner placed the Saturn on a lift and removed the front bumper and a metal bar, which was attached to the front of each false, non-factory compartment. Once the metal bar was removed, TFC Seiders noticed trap doors on the front of the compartments. Fresh, still wet, black silicone was holding the trap doors in place. Once the trap doors were removed, large brick shaped items were discovered. Three bricks, weighing a total of approximately 3 kilograms of suspected powder cocaine were removed from the passenger side compartment and six bricks, weighing a total of approximately 6 kilograms of suspected powder cocaine were removed from the driver's side compartment. A field test confirmed the presence of cocaine.

9. QUINTERO was taken into MSP custody and transported to the MSP Barracks in Perryville for further investigation. At approximately 1430 hours, HSI Special Agents (S/A) arrived at the Perryville JFK Barracks. HSI S/A Lynn and S/A McKinney conducted a criminal records check of the subject and found no derogatory information.

11. S/A McKinney and S/A Lynn conducted a post arrest interview with QUINTERO. S/A McKinney obtained basic biological information and family history from Quintero, who then requested an attorney. No further questioning was conducted.

12. Your Affiant knows through his training, knowledge, and expertise that 9 kilograms of cocaine has a street value in Maryland of approximately $280,000, indicating to your Affiant that the amount of cocaine was in excess of the amount intended for personal use and would indicate to your Affiant an intent to distribute.

14. Based on the foregoing, there is probable cause to believe that QUINTERO, did conspire with others known and unknown to distribute and possess with the intent to distribute over 5 kilograms of cocaine, in violation of 21 U. S. C. § 841.

I, Evan D. McKinney, affirm under penalties of perjury that the facts and circumstances recounted are true and accurate to the best of my knowledge, information and belief.

Evan D. McKinney
Special Agent
Homeland Security Investigations

Signed to and sworn before me this 8TH day of April 8, 2013.

Beth P. Gesner
United States Magistrate Judge

4